IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARL EDWARD JOHNSTON, JR,** | : | CIVIL ACTION NO. 1:21-CV-652 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MORRIS HOUSER**, *et al.*, | : | |
| | : | |
| Respondents | : | |

## MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2254. Petitioner, Carl Edward Johnston, Jr., challenges his 2018 conviction for possession of a controlled substance, possession of drug paraphernalia, and possession of a small amount of marijuana in the Bradford County Court of Common Pleas. We will deny the petition with prejudice.

**I.      Factual Background & Procedural History**

The state courts of Pennsylvania have succinctly summarized much of the relevant background and procedural history. On September 6, 2018, Johnston was found guilty of possession of a controlled substance, possession of drug paraphernalia, and possession of a small amount of marijuana following a jury trial in the Bradford County Court of Common Pleas. Commonwealth v. Johnston, No. 1651 MDA 2018, 2019 WL 6040388, at *1 (Pa. Super. Ct. Nov. 14, 2019).

The charges against Johnston arose from his interactions with Maggie Williams. Evidence at trial established that Johnson and Williams exchanged several private messages on Facebook. Id. In one such message, Johnston invited

Williams to his home to consume "ice," a slang term for methamphetamine. Id. Johnston arranged to pick Williams up at her home in Waverly, New York and bring her to his home in Sayre, Bradford County, Pennsylvania. Id. Johnston also agreed in the course of their Facebook messages to bring some methamphetamine with him for Williams's boyfriend. Id. After Johnston and Williams arrived at Johnston's home, Johnston injected Williams with methamphetamine and the two had sex. Id. Police officers subsequently executed a search warrant at Johnston's home. Id. at *2. The officers found a baggie of empty syringes; a digital scale; a baggie of syringe needles; a green leafy substance; a suitcase containing a hot plate, tubing, and a gas mask; drain cleaner; and fifty Sudafed pills. Id.

Johnston was charged with assault, sexual assault, possession of a controlled substance, possession of drug paraphernalia, possession of a small amount of marijuana, and attempt to produce methamphetamine. Id. at *1. The Commonwealth dismissed the assault and sexual assault charges on the morning of Johnston's trial when Williams refused to testify. Id. The remaining drug offenses proceeded to trial. Id. Johnson was found guilty of possession of a controlled substance, possession of drug paraphernalia, and possession of a small amount of marijuana,[1] but was found not guilty of attempt to produce methamphetamine. Id. He was sentenced to an aggregate sentence of 14-43 months of imprisonment. Id.

---

[1] The trial court found Johnston guilty with respect to the possession of marijuana charge in a non-jury disposition.

Johnston appealed his conviction and sentence to the Pennsylvania Superior Court, arguing that there was insufficient evidence to support his conviction, that the trial court erred in admitting the Facebook messages between him and Williams into evidence, that the Commonwealth committed prosecutorial misconduct by making a statement that violated Pennsylvania's *corpus delicti* rule during closing arguments, that he was denied due process because he was not present at one pretrial hearing, and that he was denied his right to a jury trial with respect to the marijuana charge. Id. at *1. The superior court affirmed on November 14, 2019. Id. at *5. Johnston did not seek leave to appeal to the Pennsylvania Supreme Court.

Johnston filed a *pro se* petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on December 20, 2019. Commonwealth v. Johnston, 249 A.3d 1180 (table), 2021 WL 716602, at *2 (Pa. Super. Ct. Feb. 24, 2021). Counsel was appointed to represent Johnston, but counsel subsequently filed a no-merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) and requested to withdraw from the representation. Johnston, 2021 WL 716602, at *2. In the PCRA proceedings, Johnston asserted, *inter alia*, that he received ineffective assistance of trial counsel because counsel (1) failed to file a motion to suppress to argue that there was no probable cause to search Johnston's home; (2) failed to object to the admission of text messages from Williams's phone; (3) failed to raise a *corpus delicti* objection; and (4) failed to object to prejudicial statements made by the Commonwealth during closing arguments. Id. The Court of Common Pleas granted counsel's motion to withdraw on March 3, 2020 and dismissed the PCRA

3

petition on June 11, 2020.  Id.  Johnston appealed, but the superior court affirmed on February 24, 2021.  Id. at 8.  He did not appeal the superior court's decision.

Johnston filed the instant petition on April 4, 2021, and the court received and docketed the petition on April 9, 2021.  (Doc. 1 at 14).  Johnston raises five claims for habeas corpus relief: (1) that trial counsel was ineffective for failing to object that Johnston was being tried in an improper jurisdiction; (2) that trial counsel was ineffective for failing to make a *corpus delicti* objection; (3) that trial counsel was ineffective because he advised Johnston not to testify; (4) that trial counsel was ineffective for failing to object to prejudicial statements made by the Commonwealth during closing arguments; and (5) that the Commonwealth failed to prove beyond a reasonable doubt the elements of possession of a controlled substance and possession of drug paraphernalia.  (See id. at 5-9; Doc. 1-1 at 3).[2]

---

[2] Johnston technically frames his first three claims as claims that he is entitled to habeas corpus relief because of PCRA counsel's ineffective assistance. (See Doc. 1-1 at 3).  Based on the content of his arguments, however, it appears he intends to argue that trial counsel was ineffective and only argues PCRA counsel's ineffectiveness to excuse the procedural default of the claims in the event that the court finds them procedurally defaulted.  (See generally Doc. 1-1).  Johnston confirms this in his reply brief.  (See Doc. 25).  Hence, we liberally construe the first three claims to assert ineffective assistance of trial counsel rather than ineffective assistance of PCRA counsel.  To the extent Johnston's first three claims seek habeas corpus relief based on freestanding claims of PCRA counsel's ineffectiveness, they are without merit.  Federal courts may not grant habeas corpus relief based on the purported ineffectiveness of PCRA counsel.  28 U.S.C. § 2254(i); Martinez v. Ryan, 566 U.S. 1, 17 (2012).

Respondent[3] responded to the petition on November 16, 2021. (Doc. 20). Respondent argues that the petition should be denied on its merits and does not assert procedural default or any other procedural issues. (Id.) Johnston filed a reply brief on December 20, 2021, making the petition ripe for our review.

## II. Discussion

### A. Respondent Has Waived Procedural Default

At the outset, we address the issue of procedural default. Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 842. Habeas corpus claims are procedurally defaulted when either (a) the claims have not been exhausted and no additional state remedies are available under state procedural rules or (b) the claims were presented in state court but were not addressed on their merits because an independent and adequate state procedural rule barred review on the merits. Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012).

---

[3] Johnston has named the Attorney General of Pennsylvania and the District Attorney of Bradford County as respondents, but the proper respondent in a habeas corpus action is the warden or superintendent of the facility where the petitioner is being held. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). We will accordingly direct the Clerk of Court to terminate all respondents except for Superintendent Morris Houser and will refer to Houser as "respondent" for the remainder of this opinion.

It appears that two of Johnston's claims—his assertion that trial counsel was ineffective for failing to object to an allegedly improper jurisdiction for trial and his assertion that trial counsel was ineffective in advising him not to testify—were not considered on their merits in state court and therefore may be procedurally defaulted. Johnston argues that any procedural default of his claims should be excused based on PCRA counsel's purported ineffectiveness under Martinez, 566 U.S. at 1. Respondent, however, asserts that Johnston's reliance on Martinez is "misplaced" because the courts of Pennsylvania considered his claims on their merits. (Doc. 20 at 2).

Procedural default "is normally a defense that the State is obligated to raise and preserve if it is not to lose the right to assert the defense thereafter." Bennett v. Superintendent Graterford SCI, 886 F.3d 268, 281 n.11 (3d Cir. 2018) (quoting Trest v. Cain, 522 U.S. 87, 89 (1997)). Because respondent did not raise procedural default in his responsive pleadings, the defense is waived. Id. Accordingly, we will address the merits of Johnston's claims.

**B.    Ineffective Assistance of Counsel Claims**

Johnston's first four claims are based on allegedly ineffective assistance of counsel. To obtain habeas corpus relief based on ineffective assistance of counsel, petitioners must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient performance caused prejudice to the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). The court's analysis as to whether counsel's performance was deficient must be "highly deferential" to counsel, and the court "must indulge a strong presumption that

6

counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

We will first address Johnston's second and fourth claims as those claims were decided on their merits in state court and are accordingly governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA states in relevant part:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The standard for obtaining habeas corpus relief under AEDPA is "difficult to meet." Mays v. Hines, 592 U.S. __, 141 S. Ct. 1145, 1149 (2021) (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011)). Federal habeas corpus relief is meant to guard against "extreme malfunctions in the state criminal justice systems" and is not meant to substitute for "ordinary error correction through appeal." Harrington, 562 U.S. at 102-03 (citing Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J. concurring in judgment)). "Federal habeas courts must defer to reasonable state-court decisions," Dunn v. Reeves, 594 U.S. __, 141 S. Ct. 2405, 2407 (2021), and may only grant habeas corpus relief when the state court's decision "was so lacking in

justification" that its error was "beyond any possibility for fairminded disagreement." Mays, 141 S. Ct. at 1149 (quoting Harrington, 562 U.S. at 102).

When considering an ineffective assistance of counsel claim under AEDPA, the court's analysis is "doubly deferential" when a state court has already decided that counsel's performance was adequate. Dunn, 141 S. Ct. at 2410. The court must apply a high level of deference both to counsel's actions and to the state court's determination that counsel's actions were constitutionally adequate. Id.; Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (citing Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003)). The federal court may only grant habeas corpus relief if "*every* 'fairminded jurist' would agree that *every* reasonable lawyer would have made a different decision." Id. at 2411 (emphasis in original) (quoting Harrington, 562 U.S. at 101).

Johnston asserts that counsel was ineffective for failing to raise a *corpus delicti* objection during trial. (Doc. 1-1 at 15-19). Pennsylvania's *corpus delicti* rule holds that a defendant may not be convicted based on his confession alone. Commonwealth v. Reyes, 870 A.2d 888, 894 n.4 (Pa. 2005). The rule requires that the *corpus delicti*—i.e., the fact that a loss or injury has occurred as a result of the defendant's alleged criminal conduct—be proven before the factfinder may consider evidence of the defendant's confession. Id.; Commonwealth v. McMullen, 745 A.2d 683, 687 (Pa. Super. Ct. 2000).

Johnston asserts the Commonwealth repeatedly violated the *corpus delicti* rule during its closing argument by referring to his out-of-court confessions of criminal conduct prior to referring to the physical evidence recovered at his home. (Doc. 1-1 at 17). He argues that trial counsel was ineffective for failing to lodge a

8

contemporaneous objection to this closing argument and for failing to request a jury instruction regarding the *corpus delicti* rule.  (Id. at 17-19).

The Pennsylvania Superior Court considered Johnston's *corpus delicti* argument on its merits and rejected it.  2021 WL 716602, at *6-7.  The court adopted the reasoning of the court of common pleas, which agreed that it was "objectionable" that the prosecution had introduced Johnston's incriminating statement prior to introducing the physical evidence recovered at his home, but concluded that it "would have made no difference" if counsel had objected because the "order of proof and the satisfaction of the *corpus delicti* rule is in the sound discretion of the trial judge" and the Commonwealth "could have just as easily re-ordered their proof."  Id. at *6.  The superior court, expanding on the trial court's analysis, noted the Pennsylvania Supreme Court has held that trial counsel is not ineffective for failing to make a *corpus delicti* objection in analogous circumstances, "where the only result would [be] the Commonwealth's reordering of their proof."  Id. at *7 (citing Commonwealth v. Smallwood, 442 A.2d 222, 225-26 (Pa. 1982).

We find that the state courts' analysis was neither contrary to nor an unreasonable application of federal law.  As the state courts noted, the only result of any *corpus delicti* objection by counsel would have been a reordering of proof by the Commonwealth and would not have had any effect on the Commonwealth's case against Johnston.  See Smallwood, 442 A.2d at 225-26.  Trial counsel cannot be found ineffective for failing to raise a meritless objection.  Real v. Shannon, 600 F.3d 302, 309 (3d Cir. 2010); United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).  Hence, we reject Johnston's second claim of ineffective assistance of counsel.

9

Johnston's fourth claim—that trial counsel was ineffective for failing to object to prejudicial statements made by the Commonwealth during closing arguments—was also considered on its merits in state court. The claim arises from the prosecutor's statements that syringes and drug paraphernalia were recovered during the search of Johnston's home. (Doc. 1-1 at 3, 23-24).[4] The Pennsylvania Superior Court found no merit to the claim, noting, *inter alia*, that "the evidence at trial established that baggies found in Appellant's residence once contained needles used in syringes, as well as the syringes themselves." 2021 WL 716602, at *7. The court concluded that counsel was not ineffective for failing to object to the prosecutor's statements because the objection would have been overruled. Id.

We hold that the superior court's ruling was neither unreasonable nor contrary to clearly established federal law. Derek Watkins, an officer with the Sayre Borough Police Department who participated in the search of Johnston's home, testified that the police found empty syringes, a baggy that at one time contained syringes, a scale, and Sudafed in the home, which Watkins believed was evidence of a "possible meth lab." (Doc. 22-1 at 72). Thus, any objection to the prosecutor's statements would have been overruled as there was a reasonable basis for the prosecutor to state that syringes and drug paraphernalia were found in the

---

[4] Johnston's claim in state court arose from slightly different but related statements that police officers had recovered "a lot of hypodermics" and methamphetamine during the search of his home. See 2021 WL 716602, at *7. We find that this argument was sufficiently related to his present argument to put the state courts on notice of his federal claim.

10

home.  Trial counsel was not ineffective for failing to raise an objection that would have been overruled.  See Real, 600 F.3d at 309; Sanders, 165 F.3d at 253.

Johnston's first and third ineffective assistance of counsel claims were not considered on their merits in state court.  As noted above, however, respondent has waived procedural default as a defense to the claims.  Accordingly, we review the claims de novo.  Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001) (citing McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999)).

Johnston's first claim asserts that trial counsel was ineffective for failing to object to his criminal trial occurring in Bradford County because the facts underlying his offenses actually occurred in New York.  (Doc. 1-1 at 12-15).  This claim is without merit.  The state court record shows that Johnston and Williams consumed methamphetamine at Johnston's home in Bradford County and that drug paraphernalia and marijuana were found in his home.  See Johnston, 2019 WL 6040388, at *1-2.  Thus, any objection to jurisdiction would have been meritless as there was ample evidence from which the jury could conclude that Johnston committed the charged offenses of possession of a controlled substance, possession of drug paraphernalia, possession of a small amount of marijuana, and attempt to produce methamphetamine in Bradford County.  Trial counsel was not ineffective for failing to raise this meritless objection.  See Real, 600 F.3d at 309; Sanders, 165 F.3d at 253.

Johnston's third claim is that trial counsel was ineffective because he advised Johnston not to testify.  (Doc. 1-1 at 19-23).  According to Johnston, trial counsel

advised him not to testify because he could be impeached with evidence of a prior drug conviction and a prior robbery conviction.  (Id. at 20-21).

The factual basis of Johnston's third claim was not developed in state court. We accordingly may not develop the factual record of the claim through an evidentiary hearing or any other means.  See 28 U.S.C. § 2254(e)(2);[5] Williams v. Superintendent Mahanoy SCI, 45 F.4th 713, 723 (3d Cir. 2022) (citing Shinn v. Ramirez, 596 U.S. __, 142 S. Ct. 1718, 1735 (2022)).  And based on the closed stated court record, it is not self-evident that Johnston's trial counsel was ineffective in advising him not to testify.  There is no testimony from trial counsel in the state court record or any other evidence from which we could conclude that trial counsel

---

[5] 28 U.S.C. § 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> **(A)** the claim relies on—
>
> > **(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. 2254(e)(2).  Johnston has not made any arguments as to why the factual record can be developed pursuant to 28 U.S.C. § 2254(e)(2) and our independent review of his claim reveals no basis for doing so.

was ineffective in advising Johnston not to testify, and "the absence of evidence cannot overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Williams, 45 F.4th at 726 (quoting Dunn, 141 S. Ct. at 2407).

Moreover, even assuming that counsel advised Johnston not to testify based on concerns that he would be impeached with his prior convictions, it appears that this was reasonable professional advice. Johnston argues that contrary to counsel's advice, his prior "drug conviction" and robbery conviction could not be used as impeachment evidence because they are not *crimen falsi*. (Doc. 1-1 at 20-21). Johnston is incorrect. Robbery is a *crimen falsi* offense under Pennsylvania law. See Commonwealth v. May, 898 A.2d 559, 569 (2006) (citing Commonwealth v. Yarris, 549 A.2d 513, 521 (Pa. 1988)). Hence, we will deny Johnston's third claim because he has not established counsel's ineffectiveness.

### C.  Sufficiency of Evidence

Johnston's fifth and final claim asserts the Commonwealth failed to prove beyond a reasonable doubt the elements of possession of a controlled substance and possession of drug paraphernalia. (Doc. 1-1 at 26). His supporting brief indicates that this claim should be construed as a sufficiency of evidence claim. (Id.)

Federal habeas courts considering sufficiency of evidence claims must view the evidence in the light most favorable to the prosecution and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. The court must look to state law to determine the substantive elements of the offense. Coleman v. Johnson, 566

U.S. 650, 655 (2012) (quoting Jackson, 443 U.S. at 324 n.16).  When the claim has been decided on its merits in state court, the federal court must be doubly deferential: the jury's verdict may only be set aside if no rational finder of fact could have reached the same verdict and the state court decision upholding the jury verdict may only be disturbed if it is objectively unreasonable.  Lambert v. Warden Greene SCI, 861 F.3d 459, 467 (3d Cir. 2017) (citing Coleman, 566 U.S. at 650).

Johnston was convicted of possession of a controlled substance in violation of 35 P.S. § 780-113(a)(1) and possession of drug paraphernalia in violation of 35 P.S. § 780-113(a)(32).  Section 780-113(a)(1) criminalizes "[t]he manufacture, sale or delivery, holding, offering for sale, or possession of any controlled substance, other drug, device or cosmetic that is adulterated or misbranded."  35 P.S. § 780-113(a)(1). Section 780-113(a)(32) criminalizes "[t]he use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act."  35 P.S. § 780-113(a)(32).

The Pennsylvania Superior Court considered Johnston's sufficiency of evidence claims and rejected them on their merits.  Johnston, 2019 WL 6040388, at *1-2.  This conclusion was neither unreasonable nor contrary to clearly established federal law.  As the superior court noted, evidence at trial established that Johnston invited Williams to his home to use methamphetamine, that he injected her with methamphetamine when she was there, and that he brought

14

methamphetamine with him when he traveled to New York to give to Williams's boyfriend. Id. at *2. This evidence, viewed in the light most favorable to the prosecution, is sufficient for a jury to convict Johnston of possession of a controlled substance. Likewise, the recovery of empty syringes and syringe needles in Johnston's home coupled with the evidence that he injected Williams with methamphetamine is sufficient evidence for a jury to conclude that he possessed drug paraphernalia. We will thus reject Johnston's sufficiency of evidence claims.

**III.  Conclusion**

We will deny the petition for writ of habeas corpus with prejudice. A certificate of appealability will not issue because no reasonable jurist would disagree with this ruling or conclude that the issues presented are adequate to deserve encouragement to proceed further. Buck v. Davis, 580 U.S. __, 137 S. Ct. 759, 773 (2017) (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    October 24, 2022